# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**ELIOT WASHINGTON, RICHARD STRODE,**
**FELITA DANIELS-ASHLEY,**
**SHERYL SIMS-DANIELS, and**
**METROPOLITAN MILWAUKEE FAIR**
**HOUSING COUNCIL, INC,**
        **Plaintiffs,**

       **v.**                                                 **Case No. 05-C-673**

**JAMES KRAHN, PATRICK SZYDEL, and**
**THEODORA SZYDEL,**
        **Defendants,**
   **and**

**RURAL MUTUAL INSURANCE COMPANY,**
        **Intervening Defendant.**

## DECISION AND ORDER

Plaintiffs bring this action under 42 U.S.C. §§ 1982 and 3604 for the purpose of redressing racial discrimination in housing. The individual plaintiffs are African-Americans who participated in a testing program conducted by the Metropolitan Milwaukee Fair Housing Council ("MMFHC") to determine whether the defendants were engaging in unlawful discriminatory housing practices. The MMFHC is an organization that works to ensure equal access to housing and is also a plaintiff. Defendant James Krahn owns several apartment buildings in Milwaukee County and defendants Patrick and Theodora Szydel manage such buildings. Pursuant to 28 U.S.C. § 2201, Krahn's liability insurer, Rural Mutual Insurance Company ("Rural") intervened and now moves for summary judgment on the ground that it has no duty to defend.

In determining whether Rural has a duty to defend, I apply Wisconsin law. Lexington Ins. Co. v. Rugg & Knopp, Inc., 165 F.3d 1087, 1091 (7th Cir. 1999). Under Wisconsin law,

an insurer has a duty to defend if the complaint alleges facts that, if proven, would give rise to the insurer's liability under the policy. Doyle v. Engelke, 219 Wis. 2d 277, 284-85 (1998). The complaint need only allege one theory of liability that is covered by the policy. Sch. Dist. of Shorewood v. Wausau Ins. Cos., 170 Wis. 2d 347, 366 (1992). I construe the complaint liberally and resolve all doubts in favor of the insured. Doyle, 219 Wis. 2d at 284. If under any plausible interpretation, the complaint alleges liability covered by the policy, I must find a duty to defend. Hamlin, Inc. v. Hartford Accident & Indem. Co., 86 F.3d 93, 94 (7th Cir. 1996).

Rural first argues that plaintiffs' allegations do not trigger the policy's "bodily injury" coverage. The policy defines bodily injury as "bodily injury, sickness or disease." (Riemer Aff. Ex. 1.) Plaintiffs allege that as the result of the insureds' discriminatory acts, they suffered "emotional distress." (Compl. ¶ 11.) Relying on United States v. Security Management Co., 96 F.3d 260, 267 (7th Cir. 1996), Rural argues that under Wisconsin law a complaint alleging emotional distress does not trigger bodily injury coverage unless it also alleges "some sort of physical malady." However, since the Seventh Circuit decided Security Management, the Wisconsin Supreme Court decided Doyle and substantially broadened the definition of bodily injury. In Doyle, the plaintiff alleged that she suffered emotional distress and the court held that she had alleged enough to invoke the policy's bodily injury coverage. Doyle, 219 Wis. 2d at 288. The court commenced its analysis by quoting with approval the statement in Tara N. v. Economy Fire & Casualty Insurance Co., 197 Wis. 2d 77, 87 (Ct. App. 1995), that "a reasonable insured would understand [mental, emotional or psychological] conditions to be included within the concepts of 'sickness or disease' which the policy uses to define 'bodily injury.'" Doyle, 219 Wis. 2d at 288. It then stated that it could not "'separate a person's nerves and tensions from his [or her] body. It is common knowledge that worry and anxiety can and

-2-
Case 2:05-cv-00673-LA    Filed 07/11/06    Page 2 of 5    Document 65

often do have a direct effect on other bodily functions.'" Id. (quoting Levy v. Duclaux, 324 So. 2d 1, 10 (La. Ct. App. 1975)). Based on these propositions, the court rejected the insurer's contention that an allegation of emotional distress could not trigger bodily injury coverage without an accompanying allegation of physical injury. Id. at 289.

With Doyle, Wisconsin became one of a number of states in which an allegation of emotional distress is sufficient to trigger bodily injury coverage "when there is no physical impact, fear of physical harm, or physical manifestation of emotional distress." Eric Mills Holmes, 20 Holmes' Appleman on Insurance 2d § 129.2, at 19 (2002); see e.g., Tortoso v. Metlife Auto & Home Ins. Co., 799 N.Y.S.2d 506, 508 (App. Div. 2005) (stating that bodily injury encompasses "purely emotional distress"); see also Pekin Ins. Co. v. Hugh, 501 N.W.2d 508, 512 (Iowa 1993) (stating that "any attempt to distinguish between 'physical' and 'psychological' injuries just clouds the issue. This is because the medical community now knows that every emotional disturbance has a physical aspect and every physical disturbance has an emotional aspect.") (internal citation omitted); York Ins. Group of Me. v. Lambert, 740 A.2d 984, 986 (Me. 1999) (holding that a claim for emotional distress triggers an insurer's duty to defend under bodily injury coverage unless explicitly excluded).

As previously indicated, in the present case, as in Doyle, the complaint alleges emotional distress and the policy's bodily injury coverage defines bodily injury as sickness or disease. Thus, based on Doyle and construing the complaint liberally in favor of coverage, I reject Rural's argument that plaintiffs' allegation is insufficient to trigger the duty to defend.

Rural also argues that the complaint does not allege covered liability because the policy limits coverage to bodily injury caused by an "occurrence" (Riemer Aff. Ex. 1), and plaintiffs fail to allege an occurrence. The policy defines occurrence as "an accident," and it also excludes coverage of any injury that the insured "intended." Id. Thus, I must determine

if the complaint may be reasonably construed as alleging one or more unintentional acts. In Security Management, 96 F.2d at 268, the plaintiff alleged that the defendant's conduct "was intentional, willful, and taken in disregard of the civil rights of others," and the Seventh Circuit, pointing out that the generally understood meaning of disregard is to take no notice of or to overlook, held that the "taken in disregard" language could reach acts of unintentional discrimination. No Wisconsin case has superceded Security Management on this point.

The complaint in the present case alleges that the insureds committed acts such as denying rental opportunities to prospective tenants (Compl. ¶ 8) and making false statements regarding the availability of apartments. (Id. ¶ 9.) The complaint further alleges that the insureds "acted intentionally and maliciously with reckless disregard for the rights of plaintiffs and others." (Id. ¶ 13.) The insureds argue that under Security Management, I may reasonably construe the reckless disregard language as alleging unintentional acts. I agree. Paragraph 13 of the complaint is ambiguous because it contains language suggesting both that the insureds acted intentionally ("intentionally and maliciously") and unintentionally ("with reckless disregard"). Reckless conduct is not intentional. See Holmes, supra, at 123 (stating that the definition of occurrence is generally met when the insured is alleged to have acted recklessly). As previously stated, I must resolve all ambiguities relating to coverage in favor of the insureds. Therefore, I may reasonably construe the complaint as alleging that the insureds acted unintentionally.

I may reasonably construe the complaint as alleging unintentional acts for another reason. Paragraph 1 of the complaint alleges a violation of § 3604, apparently referring to subsection (d), which concerns representing an apartment's availability. It is unlikely that a plaintiff must prove subjective intent in order to establish a violation of § 3604(d). Section 3604(d) resembles § 3604(c), which relates to publishing an advertisement indicating a


-4-

Case 2:05-cv-00673-LA    Filed 07/11/06    Page 4 of 5    Document 65

prohibited preference, and it is unnecessary to prove subjective intent to establish a violation of § 3604(c). Security Management, 96 F.3d at 269. Thus, plaintiffs' allegation that the insureds violated § 3604(d) may be reasonably interpreted as alleging unintentional conduct.

For the foregoing reasons, I reject Rural's argument that it has no duty to defend and will, therefore, deny its motion for summary judgment. Finally, Rural and the insureds dispute whether the policy covers attorneys' fees. The policy covers damages and "costs taxed against the insured in the suit" (Riemer Aff. Ex. 1), and plaintiffs seek attorneys' fees under the Fair Housing Act. In Security Management, 96 F.3d at 270, the Seventh Circuit held that such fees constituted neither damages nor costs, but rather resulted from a separate statutory remedy. Thus, the fees sought by plaintiffs are not covered by the policy.

Therefore, for the reasons stated,

**IT IS ORDERED** that Rural's motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that Rural will not be liable for a fee award.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2006.

                                          s/Lynn Adelman
                                          LYNN ADELMAN
                                          U.S. District Judge